CHARLES A. W. SHERMAN as Trustee, etc., et al., Appellants, *v.* HENRY N. PAGE, as Executor, etc., Respondent.

L. died in this State leaving personal property in this State and in Michigan, and leaving a will by which she bequeathed legacies to certain persons residing in this State, and to others residing in Michigan and elsewhere. She appointed defendant executor for carrying out the provisions of the will "so far as they relate to parties and property in this State," and she appointed G. and J., residents of Michigan, executors "for every thing so far as they relate to parties and property in the State of Michigan and elsewhere." She directed her New York legatees to be first paid. The will was admitted to probate in this State and letters testamentary issued to defendant alone; thereafter the will was admitted to probate in Michigan, and letters issued to G. and J. Defendant took possession of the personal property within this State, and filed an inventory thereof; G. & J. took possession of that in Michigan and no part of it has come into this State. On settlement of defendant's accounts, he rendered an account for all the property inventoried, and which came to his hands, all of which was used in the payment of debts, expenses, etc., leaving nothing for legatees; the testatrix left sufficient assets in Michigan to pay her debts in that State and to pay the New York legatees. Defendant requested the Michigan executors to surrender to him some portion of the assets in their hands, which they refused. *Held,* that defendant took no title to the assets in Michigan;

that he was not required to include them in his inventory and was not chargeable with or liable to account for the same.

Also *held*, that assuming the surrogate before whom the accounting was had, had the power, under the Statutes (2 R. S. 220, § 1), to direct defendant to institute legal proceedings for the recovery of the Michigan assets, it was a matter in his discretion, and his refusal so to do was not reviewable here.

*Schultz* v. *Pulver* (11 Wend. 363), and *In re Butler* (38 N. Y. 397), distinguished.

(Argued March 17, 1881 ; decided April 19, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 6, 1880, affirming a decree of the surrogate of the county of Wyoming on settlement of the accounts of defendant as executor of the will of Sarah E. Little, deceased. (Reported below, 21 Hun, 59.)

The material facts are set forth in the opinion.

*H. L. Comstock* for appellants. The administration in this State is the principal administration, and that in Michigan is ancillary, or auxiliary thereto. (*Suares* v. *Mayor, etc., of N. Y.*, 2 Sandf. Ch. 173 ; *Churchill* v. *Prescott*, 3 Brad. Sur. 233 ; *Clark* v. *Clement*, 33 N. H. 563 ; *Williams* v. *Williams*, 5 Md. 467 ; *Fay* v. *Haven*, 3 Metc. 109, 114 ; *Dawes* v. *Head*, 3 Pick. 141 ; *Stevens* v. *Gaylord*, 11 Mass. 356.) This principle is not affected in the least by the fact that one executor was appointed for the State of New York, and others for the State of Michigan. (*Despard* v. *Churchill*, 53 N. Y. 192.) The executor who qualified in this State was bound to make an inventory and to include therein all the assets belonging to the testatrix wherever situated. (*Matter of Butler*, 38 N. Y. 397 ; *Parsons* v. *Lyman*, 20 id. 102 ; *Peterson* v. *Chemical Bk.*, 32 id. 21 ; *Wilkins* v. *Ellett*, 9 Wall. 740 ; *Middlebrook* v. *Merchants' Bk.*, 41 Barb. 481 ; 3 Keyes, 135 ; *Chapman* v. *Fish*, 6 Hill, 554 ; *Atty.-Gen.* v. *Bouwens*, 4 M. & W. 171 ; *Sill* v. *Worswick*, 1 H. Black. 390 ; *Embry* v. *Miller*, A. K. Marsh. 222.) It was the duty of Mr. Page to call the executors in Michigan to an account of their proceedings in the

Probate Court of that State, to the end that he might procure funds to enable him to carry out the provisions of the will in favor of the legatees in this State. (*Schultz* v. *Pulver*, 11 Wend. 361; *Churchill* v. *Prescott*, 3 Brad. Sur. 332; *Taylor* v. *Morris*, 1 N. Y. 341; *Leggett* v. *Hunter*, 19 id. 145; *Niles* v. *Stevens*, 4 Denio, 399; *Chamberlain* v. *Chamberlain*, 40 N. Y. 424; *Andrews* v. *Herriot*, 4 Corr. 417; *Holmes* v. *Remsen*, 4 Johns. Ch. 469; *Harrison* v. *Nixon*, 9 Peters, 483; *Parsons* v. *Lyman*, 20 N. Y. 103; *Depuy* v. *Wurtz*, 53 id. 556.)

*L. A. Hayward* for respondent. Even if all the executors resided in this State, Page cannot be held liable for moneys which are in the hands of his co-executors and which have never come into his hands. (*Hargthorpe* v. *Milforth*, 1 Cro. Eliz. 318; *Manahan* v. *Gibbons*, 19 Johns. 427, 440; *Ames* v. *Armstrong*, 106 Mass. 18; *Adair* v. *Brimner*, 74 N. Y. 539.) The executor having collected all the assets that were in this State and faithfully applied them, and sought to obtain from the other executors a portion of the funds sufficient to enable him to pay off the New York legatees, no greater diligence can be required of him in the capacity of either trustee or executor. (*Roosevelt* v. *Roosevelt*, 6 Abb. N. C. 447; Redfield's Surrogate, 250; *Matter of Butler*, 38 N. Y. 400; 3 Will. on Executors, 1819.) Page could not compel the other executors to surrender any assets to him, even if they resided in this State, much less can he do so when they reside in another State. (*Burt* v. *Burt*, 41 N. Y. 46.) By virtue of his appointment in this State, Page cannot sue, nor is he liable to be sued, in his official capacity, in any other State. (Story's Confl. of Laws, § 514; *Leonard* v. *Putnam*, 51 N. H. 247; *Trecothick* v. *Austin*, 4 Mason, 32.) The Surrogate's Court had no authority to require Page to bring an action in other courts in matters affecting the estate. (*Matter of Parker*, 1 Barb. Ch. 154; 2 Will. on Executors, 1056–7; 4 Bacon's Abr. 41, title Executors.) No liability can exist against an executor in favor of a legatee when the executor has no assets in his hands with which to satisfy the legacy. (3 R. S. [Cothran's ed.] 123–4.) A testator

has a right to appoint different executors in different countries where his effects may lie, or different executors as to different parts of his estate in the same country. (4 Bacon's Abr. 37; *Despard* v. *Churchill*, 53 N. Y. 192; *Hartvelt* v. *Wandell*, 60 id. 351.) Under the restrictions of the will Page has not only no authority outside the State for which he was appointed, but he cannot even obtain letters testamentary to himself in the State of Michigan. (*Velho* v. *Leite*, 3 Swab. & Trist. 456; *Matter of Wallick*, id. 423; *In the Goods of Astor*, L. R., 1 Prob. Div. 150; *In the case of Goods of Coode*, L. R., 1 Ct. of Probate & Divorce, 449.) There is no ancillary administration in this case; neither of these administrations is subordinate to the other, but each, in the sphere assigned to it, is primary, original and exclusive. (1 Will. on Executors, 362, note *u.*; 3 id. 1663, note *h.*; 2 Redf. on Wills, 18; 4 Bacon's Abr. 37, § 4; *Velho* v. *Leite*, 3 Swab. & Trist. 456; *Matter of Wallick*, id. 423; *Harvey* v. *Richards*, 1 Mason, 381.) The statutes of the State of Michigan furnish to all these legatees a remedy that is easy, adequate and complete. (2 Compiled Laws of Michigan, 1375, §§ 21–24; id. 1378, § 1, ed. of 1871.)

Earl, J. In December, 1872, Sarah E. Little died in Wyoming county, leaving a last will and testament by which she bequeathed legacies to certain persons residing in this State, and also to certain persons residing in the State of Michigan and elsewhere; and she appointed Henry N. Page, a resident of this State, executor for carrying out the provisions of the will "so far as they relate to parties and property in this State," and Charles W. Grant, of East Saginaw, and D. H. Jerome, of Saginaw City, Michigan, executors "for every thing so far as they relate to parties and property in the State of Michigan and elsewhere"; and she directed her New York legatees to be first paid. In the month of January, 1873, the will was proved and admitted to probate in the Surrogate's Court of Wyoming county, and letters testamentary thereon were issued to Page, and to no one else. On the 17th day of February, thereafter,

the will was admitted to probate in the Probate Court of Saginaw, in the State of Michigan, on an exemplified copy of the will and probate thereof from this State, and letters testamentary were thereon issued to Grant and Jerome.

At the time of the death of the testatrix, she left certain personal property in this State, and also in the State of Michigan. Page took possession of the personal property within this State and filed an inventory thereof, and Grant and Jerome took possession of the personal property in the State of Michigan, and no part of that property has since come into this State.

On the 6th of August, 1877, Page filed a petition with the surrogate of Wyoming county, praying for the final settlement of his accounts, and in the account rendered by him he accounted for all the property inventoried and which came into his hands as executor; and the account showed that after paying debts, expenses and other matters, there remained nothing in the hands of Page for the payment of legacies, and the surrogate made a decree settling the accounts as presented.

Several of the New York legatees, now appellants, appeared upon the accounting and filed objections to the account, claiming that Page, as executor, should be charged with the assets left by the testatrix in Michigan, or that he should be required to commence and prosecute the necessary legal proceedings in Michigan to compel the Michigan executors to pay and deliver to him the Michigan assets, or so much thereof as would be sufficient to pay the New York legatees.

It was admitted upon the accounting that the testatrix left sufficient assets in the State of Michigan to pay all the debts of the testatrix in that State, and to pay the legatees residing in this State; that Page had applied to the Michigan executors to surrender to him some of the Michigan assets, but they claimed the control of those assets, and refused to surrender the same, or any part thereof, to him; but that he had not resorted to any legal proceedings against them.

The appellants in their petition of appeal allege that the decree of the surrogate was erroneous, in that it did not charge

Page with the Michigan assets, or require him to institute legal proceedings against the Michigan executors for the recovery of such assets.

There can be no doubt that the testatrix had the right to name Page executor for this State, and Grant and Jerome executors for the State of Michigan (3 Redfield on Wills, 53–72; Williams on Executors, 217; *Despard* v. *Churchill*, 53 N. Y. 192; *Hartnett* v. *Wandell*, 60 id. 350), and to confine them in the discharge of their duties to the States for which they were appointed. By virtue of the will, Page took title to the assets in this State, and the Michigan executors to the assets in that State. They have the same right to possess and control the assets there that he has to possess and control the assets here. He has no more right to interfere with their possession than they have with his. They are not responsible for the New York assets, and he is not responsible for the Michigan assets. The administration in the State of Michigan is in no proper sense ancillary or auxiliary to the administration here. The executors in both States derive their title from the will and not from the letters issued to them. Even if they had all been joint executors, residing in this State, upon the facts now appearing, Page could not have been charged with, or made responsible for the assets which came into the hands of Grant and Jerome, and he could not have compelled the surrender of such assets into his hands. (*Burt* v. *Burt*, 41 N. Y. 46; *Adair* v. *Brimmer*, 74 id. 539.) He did not consent, actively, that those assets should go into their hands. They were never under his control. He demanded that they should be delivered to him, and failed to get them. Under such circumstances there is no authority for holding him responsible for them.

The case of *Schultz* v. *Pulver* (11 Wend. 363) holds that an administrator in this State is bound to include in his inventory all the assets of his intestate which came to his knowledge, whether situate in this State or out of it; and that he is bound to take reasonable measures for the collection of a demand due the estate he represents from a debtor residing out of the

State. But that was a case where there was no administration out of the State, and is not applicable to a case where executors under the will had been named for the foreign assets. *In the Matter of the Estate of Butler* (38 N. Y. 397) it was held that the executor of a deceased resident of this State, to whom letters testamentary here have been issued, can be required to include in his inventory assets belonging to the testator which are situated in another State. In that case it did not appear that any administrator or executor had been appointed in the foreign State.

It is impossible, therefore, to hold that Page should be charged with the Michigan assets which have not come into his hands, and which are in the hands of the very person appointed by the testatrix to take them. Assuming that the surrogate had the power, under the provisions of the Revised Statutes (2 R. S. 220) empowering surrogates to direct and control the conduct of executors and administrators, to direct Page to institute legal proceedings for the recovery of the Michigan assets, he was not bound to exercise such power. It rested in his discretion whether he would compel Page, under all the circumstances of this case, to institute such proceedings, and that discretion is not subject to review in this court.

It cannot be doubted that the New York legatees can enforce any claims they have upon the Michigan assets in the legal tribunals of that State, and that they can obtain payment of their legacies there, or by compelling a transfer of sufficient assets for that purpose to the New York executor; and if they need, in the legal proceedings instituted in Michigan, the use of the name of the New York executor, they can probably obtain permission to use it, by indemnifying him against harm from such use. If he should refuse such permission upon application and indemnity, the surrogate could probably compel it.

It follows from these views that the judgment should be affirmed.

All concur.

Judgment affirmed.